AO 91 (Rev. 08/09)  Criminal Complaint

CLERK U.S. DISTRICT COURT
NORTHERN DIST. OF TX
LUBBOCK DIVISION

# UNITED STATES DISTRICT COURT

2021 MAR 25  PM 3: 10

for the

Northern District of Texas

DEPUTY CLERK

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No. |
| | ) | |
| Larry Lee Harris | ) | 5:21-MJ-36 |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____March 22, 2021_____ in the county of _____Lubbock_____ in the

___Northern___ District of _____Texas_____, the defendant(s) violated:

|  *Code Section* |  *Offense Description* |
|---|---|
| 18 U.S.C. Sections 111(a)(1), 111(b) | Assaulting a Federal Officer with a Deadly Weapon |

This criminal complaint is based on these facts:

See attached affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Sergio Guerra, HSI Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of FED. R. CRIM. P. 4.1 by telephone this __25th__ day of March 2021.

Date: ___3/25/2021___

_____
*Judge's signature*

City and state:   ___Lubbock, Texas___

D. Gordon Bryant, Jr., U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF COMPLAINT

I, Sergio Guerra, being duly sworn, state as follows:

1.     I am a Special Agent with the Department of Homeland Security, Homeland Security Investigations (HSI). I am a graduate of the Federal Law Enforcement Training Center and am currently assigned to the Resident Agent in Charge office in Lubbock, Texas. As part of my official duties, I have participated in investigations of Assaulting, Resisting, or Impeding Federal Officers. As an HSI Special Agent, I am authorized to investigate violations of Title 18, United States Code, Section 111, among other statutes.

2.     As a federal agent, I am authorized to investigate violations of laws of the United States, and I am a Law Enforcement Officer with the authority to effect arrests and execute criminal complaints and warrants issued under the authority of the United States. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents, law enforcement officers, and witnesses. Because this affidavit is submitted for the limited purpose of establishing probable cause to believe a crime has been committed and that the defendant committed it, I have not included each and every fact known to me in this affidavit.

### Title 18, United States Code, Sections 111(a)(1), 111(b)

3.     Title 18, United States Code, Section 111(a)(1), makes it a crime for anyone to forcibly assault, resist, oppose, impede, intimidate, or interfere with any person designated as a federal officer or employee of the United States or of any

Affidavit in Support of Complaint – Page 1

agency in any branch of the United States Government (including any member of the uniformed services) while the officer is engaged in the performance of his or her official duties. There are four elements to the offense at issue here: (1) That the defendant forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with a federal officer; (2) That the federal officer was forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with while engaged in the performance of his or her official duty or on account of the performance of official duties; (3) That the defendant did such acts intentionally; (4) That in doing such acts, the defendant used a deadly or dangerous weapon.

4.    The term "forcible assault" means any intentional attempt or threat to inflict injury upon someone else when a defendant has the apparent present ability to do so. This includes any intentional display of force that would cause a reasonable person to expect immediate bodily harm, regardless of whether the victim was injured or the threat or attempt was actually carried out. The term "deadly or dangerous weapon" means any object capable of inflicting death or bodily injury. For such a weapon to have been "used," the government must prove not only that the defendant possessed the weapon but also that the defendant intentionally displayed it while carrying out the forcible assault. It is not necessary to prove the defendant knew the person being forcibly assaulted was, at that time, a federal officer carrying out an official duty, so as long as it is established that the victim person assaulted was, in fact, a federal officer acting in

the course of his or her duty and that the defendant intentionally committed a forcible assault upon that officer.

### Facts Establishing Probable Cause

5.      On March 22, 2021, agents from HSI Lubbock received information regarding an incident and arrest involving the Idalou Police Department (IPD).

6.      According to reports, IPD officers responded to a 911 call indicating an armed individual was attempting to stop vehicles on the highway near Idalou, Texas.  IPD dispatch further communicated that the individual who contacted 911 had identified as a member of the Army National Guard traveling in a three-vehicle convoy when they were forced to stop on the side of the highway.

7.      Upon arrival at the scene, IPD officers encountered Larry Lee Harris and multiple uniformed military personnel standing outside their vehicles.  Harris approached IPD officers and made a statement about a 41-year-old woman and a 12-year-old minor female.  The military personnel informed IPD officers that Harris was armed and had pointed a firearm at them.  IPD officers detained Harris. A search of Harris's person yielded a Colt, Model 1911, .45 caliber semi-automatic pistol, serial number 70B19581, in his front waistband.  The firearm had an empty chamber but was loaded with a full magazine.

8.      Army National Guard (ANG) personnel stated that they saw Harris follow their three-van military convoy driving a white Chevrolet pickup as they left the Love's Travel Stop at 4221 N I-27, Lubbock, Texas 79403.  The ANG personnel noted Harris was closely following them.  Harris pulled alongside the

Affidavit in Support of Complaint – Page 3

last van in the convoy and pointed a firearm at the driver. That van and the two other vans all stopped on the side of North I-27.

9.      ANG personnel said Harris identified himself as a detective as he approached their vehicles with his firearm drawn. Harris spoke to ANG personnel about a missing 41-year-old woman and 12-year-old girl and demanded to search the convoy vehicles. ANG personnel complied. Harris searched the vans and then drove away when he was done.

10.      As the ANG convoy began to drive away, Harris made an erratic U-turn and drove back towards the convoy. Harris again caused the convoy to come to a stop. Harris demanded to search the engine compartment of one of the vans. IPD arrived on scene shortly thereafter and took Harris into custody without further incident. Harris was arrested and booked into the Lubbock County Jail on state charges.

11.      Further investigative efforts determined that Harris was not, as he claimed, a law enforcement officer nor has he ever been a law enforcement officer.

12.      Further investigative efforts revealed that the ANG personnel had been activated under Title 32, United States Code, as part of the COVID-19 national emergency and, on March 22, 2021, were engaged in the performance of their official duties. As members of the Army National Guard activated under Title 32, the ANG personnel were part of the Armed Forces of the United States and, therefore, were "officers or employees of the United States or of any agency

Affidavit in Support of Complaint – Page 4

in any branch of the United States Government (including any member of the uniformed services) . . . ."  18 U.S.C. § 1114.

13.     Based on the information provided above, your affiant believes that probable cause exists that Larry Lee Harris violated Title 18, United States Code, Sections 111(a)(1), 111(b), that is, Assaulting a Federal Officer with a Deadly Weapon.

Sergio Guerra
Special Agent
Homeland Security Investigations

Pursuant to Federal Rules of Criminal Procedure 4.1 and 41(d)(3), the undersigned judicial officer has on this date considered the information communicated by reliable electronic means in considering whether a complaint, warrant, or summons will issue. In doing so, I have placed the affiant under oath, and the affiant has confirmed that the signatures on the complaint, warrant, or summons and affidavit are those of the affiant, that the document received by me is a correct and complete copy of the document submitted by the affiant, and that the information contained in the complaint, warrant, or summons and affidavit is true and correct to the best of the affiant's knowledge.

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone this __25th__ day of March 2021.

D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE

Affidavit in Support of Complaint – Page 5